IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAMELA DOWNEY,

    Plaintiff,

Case No. 1:06-cv-179-SPM/AK

vs.

R. JAMES NICHOLSON,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court on the Defendant's Motion to Dismiss Count IV of the Plaintiff's Second Amended Complaint or, in the alternative, Motion to Stay the Proceedings (doc. 81) and the Plaintiff's Response in Opposition (doc. 86). For the reasons expressed herein, the Defendant's Motion will be granted in part and this proceeding shall be stayed until it is determined by the Secretary of Labor whether Plaintiff's claim for relief for injuries as alleged in Count IV is compensable pursuant to the Federal Employees' Compensation Act, 5 U.S.C. § 8101 et seq.

Background

Count IV of the Plaintiff's Second Amended Complaint is a negligence claim brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. While employed as a nurse at the Malcom Randall Veteran's Affairs hospital in

Gainesville, Florida, Plaintiff alleges that she suffered from medical malpractice stemming from her involuntary commitment to a psychiatric facility by employees of the Veteran's Affairs Employee Assistance Program. Plaintiff also challenges her subsequent suspensions with and without pay.

Analysis

Defendant has moved to dismiss Count IV pursuant to Federal Rules of Civil Procedure 12(b)(1), for a lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief can be granted, or, in the alternative, to stay the case pending the Secretary of Labor's determination as to whether the Plaintiff's claim under Count IV qualifies for relief under the Federal Employees' Compensation Act (FECA).

FECA "is the exclusive remedy against the United States for any federal employee whose injuries or death fall within the scope of the statute, and precludes recovery in another direct judicial proceeding or under a federal tort liability statute." Woodruff v. U.S. Dep't of Labor, 954 F.2d 634, 636 (11th Cir. 1992). "The Secretary of Labor is authorized to administer FECA, to promulgate rules and regulations to aid its administration and to decide all questions arising under the statute." Id. at 637. "After the Secretary makes a determination to award benefits, the injured employee's exclusive remedy is to accept FECA coverage." Id. at 639. A government employee "must first seek and be denied relief under FECA unless his [or her] injuries do not present any substantial question of compensability under the act." Avasthi v. United States, 608 F.2d

1059, 1060 (11th Cir. 1979).

In the present case, the Plaintiff was at all times relevant to Count IV an employee of the Malcom Randall Veteran's Affairs hospital. While at the hospital during the course of her employment, she visited the Veteran's Affairs Employee Assistance Program in a distressed state and employee physicians thereof involuntarily committed her to psychiatric patient care within the hospital. Given these circumstances, I cannot find that there is no substantial question as to whether the Plaintiff's injuries occurred during the performance of her employment. Accordingly, it is in the interest of judicial economy that this matter be stayed until the issue of whether the Plaintiff's claim pursuant to Count IV is compensable under the FECA is resolved by the Secretary of Labor. Therefore, it is hereby ORDERED AND ADJUDGED as follows:

1. The Defendant's Motion (doc. 81) is granted in part.

2. All proceedings in this matter are stayed until it is determined by the Secretary of Labor whether Plaintiff's alleged injuries as set forth in Count IV of the Second Amended Complaint are compensable under the Federal Employees' Compensation Act.

3. The Defendant's Motion for Leave to Reply to the Plaintiff's Response in Opposition (doc. 87) is denied as moot.

4. The Plaintiff's Motion for Hearing and to Lift Stay (doc. 85)

is denied

DONE AND ORDERED this twenty-fourth day of February, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge